IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTIN KATHERINE BAISCH RICKER, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br><br>INSURANCE PIPELINE INC,<br><br>Defendant. | Case No.<br><br><br>**CLASS ACTION COMPLAINT** |

**Preliminary Statement**

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

1

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Kristin Katherine Baisch Ricker ("Plaintiff") brings this class action against Insurance Pipeline Inc ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction & Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

7. In particular, Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district.

## Parties

8. Plaintiff is a natural person who at all relevant times resided Ogle County, Illinois, located in this District.

9. Defendant is a corporation headquartered in Florida.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

14. Plaintiff is the regular and sole user of her cellular telephone number—(815) XXX-XXXX.

15. Plaintiff uses, and at all times since 1996 used, telephone number (815) XXX-XXXX as her personal residential telephone number.

16. Plaintiff does not use, and at no time since 1996 used, telephone number (815) XXX-XXXX for business or commercial purposes.

17. Plaintiff registered telephone number (815) XXX-XXXX with the DNC Registry on August 15, 2005, and it has been on the Do Not Call Registry ever since.

18. Plaintiff does not have a landline telephone number in her home or any other telephone number.

19. Plaintiff uses her cellular phone number for personal use only as one would use a landline telephone number in a home.

20. Plaintiff uses her cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

21. Plaintiff personally pays for her cell phone plan; it is not reimbursed by a business.

22. On February 4, 2025, Defendant Insurance Pipeline Inc placed an automatically dialed telemarketing call to Plaintiff's cellular telephone number from caller ID (815) 234-3900.

23. The caller ID stated, "HEALTHCARE."

24. The individual who spoke with Plaintiff identified the calling company as "Healthcare Insurance," which, upon information and belief, is a trade name and/or marketing name used by Defendant Insurance Pipeline Inc in connection with its insurance solicitation activities.

25. Plaintiff stated she was not the person they were calling for and to not call her again.

26. On April 24, 2025, Defendant again placed an automatically dialed telemarketing call to Plaintiff's cellular telephone number from caller ID (815) 234-9996.

27. When Plaintiff answered, the caller identified the company as "Healthcare Insurance" and began discussing insurance products offered by Defendant.

28. During the April 24, 2025 call, Plaintiff was connected with an agent named "Natasha," who was calling from Defendant.

29. Natasha provided Plaintiff with Defendant's website address, theinsupipeline.com, and a callback number of (888) 702-3773.

30. The callback number provided to Plaintiff is associated with Defendant Insurance Pipeline Inc.

31. Following the April 24, 2025 call, Defendant, through its agent Natasha, continued to place additional telemarketing calls to Plaintiff from telephone number (815) 296-5065.

32. Defendant called Plaintiff at least twice, thirty-one or more days after the phone number was registered telephone number with the DNC Registry.

33. The purpose of the calls was to advertise and market Defendant's business or services.

34. Plaintiff did not give Defendant prior express consent or permission to call Plaintiff at (815) XXX- XXXX.

35. Plaintiff did not request information or promotional materials from Defendant.

36. Plaintiff suffered actual harm as a result of the calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

37. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (815) XXX-XXXX was registered with the DNC Registry.

**Class Action Allegations**

38. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

39. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

41. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

42. The class is ascertainable because it is defined by reference to objective criteria.

43. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

44. Plaintiff's claims are typical of the claims of the members of the class.

45. As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation calls to Plaintiff's telephone number more than thirty-one days after Plaintiff's telephone number was registered with the DNC Registry.

46. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

47. Plaintiff suffered the same injuries as the members of the class.

48. Plaintiff will fairly and adequately protect the interests of the members of the class.

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

50. Plaintiff will vigorously pursue the claims of the members of the class.

51. Plaintiff has retained counsel experienced and competent in class action litigation.

52. Plaintiff's counsel will vigorously pursue this matter.

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

54. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

55. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to making telemarketing calls to telephone numbers already registered on the DNC Registry for more than thirty days;

   b. Defendant's violations of the TCPA; and

   c. The availability of statutory penalties.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

57. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

58. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

59. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

60. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

61. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

62. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

63. There will be no extraordinary difficulty in the management of this action as a class action.

64. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

66. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

67. Defendant's violations were negligent, willful, or knowing.

68. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

69. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, required by law in the future;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: February 27, 2026        PLAINTIFF, on behalf of herself
                                                               and others similarly situated,

                                                               */s/ Anthony I. Paronich*
                                                               Anthony I. Paronich
                                                               Paronich Law, P.C.
                                                               350 Lincoln Street, Suite 2400
                                                               Hingham, MA 02043
                                                               (508) 221-1510
                                                               anthony@paronichlaw.com

                                                               *Attorneys for Plaintiff and the putative class*