**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

KRISTIN KATHERINE BAISCH RICKER,
on behalf of herself and others similarly situated,

       Plaintiff,

  v.                                    Case No.: 1:26-cv-02263

INSURANCE PIPELINE INC,

       Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Insurance Pipeline Inc. ("Insurance Pipeline"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, *et seq*., herein moves to dismiss Plaintiff Kristin Katherine Baisch Ricker's ("Ricker") Class Action Complaint (D.E. 1) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, and states as follows:

### I.    INTRODUCTION

Plaintiff Ricker brings this suit against Insurance Pipeline alleging that Insurance Pipeline violated the TCPA, 47 U.S.C. § 227, by placing calls to her telephone number. D.E. 1, Compl. at 1. However, Plaintiff fails to allege and establish personal jurisdiction over Insurance Pipeline, a Florida corporation. Plaintiff does not assert any jurisdictional allegations other than a conclusory statement that "Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district." Compl. ¶ 7.

Further, Plaintiff fails to allege Insurance Pipeline itself or anyone acting on its behalf made any calls to Plaintiff, relying on two calls it received from agents calling from the caller ID "HEALTHCARE" or "Healthcare Insurance," not Insurance Pipeline. *Id.* ¶¶ 22-31. Finally, Plaintiff fails to allege Insurance Pipeline's direct and vicarious liability under the TCPA, and Plaintiff fails to allege sufficient facts to claim the use of an automated telephone dialing system

1

or prerecorded or artificial voice by Insurance Pipeline for the alleged calls. Therefore, Insurance Pipeline moves the Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction and for failure to state a claim.

## II. BACKGROUND

Plaintiff alleges that Insurance Pipeline placed one call to her cellular number on February 4, 2025, from caller ID (815) 234-3900. Yet, the Plaintiff alleges that the caller ID displayed "HEALTHCARE" and that the speaker identified the company as "Healthcare Insurance," not Insurance Pipeline. *Id.* ¶¶ 22-23. Plaintiff asserts that "upon information and belief" that Healthcare Insurance "is a trade or marketing name used by Insurance Pipeline." *Id.* ¶ 24. However, Plaintiff provides no facts of what led Plaintiff to this belief. *Id.* ¶¶ 22-25. Plaintiff does not allege what the call entailed or whether the caller mentioned Insurance Pipeline at all.

Then Plaintiff alleges, on April 24, 2025, that Insurance Pipeline placed a second call to Plaintiff's cellular telephone number from the caller ID (815) 234-9996. *Id.* ¶ 26. Again, Plaintiff alleges that the caller identified himself as calling from the company "Healthcare Insurance," not Insurance Pipeline. *Id.* ¶ 27. During the call, Plaintiff alleges the caller began discussing insurance policies offered by Insurance Pipeline, and that she was then transferred and connected with an agent named "Natasha." *Id.* ¶ 28. "Natasha" allegedly provided the website "theinsupipeline.com" and a callback number (888) 702-3773, which Plaintiff alleges is associated with Insurance Pipeline. *Id.* ¶ 29-30.

Following the April 24, 2025 call, Plaintiff alleges she received additional telemarketing calls from caller ID (815) 296-5065, which she claims are from Insurance Pipeline, without alleging any additional facts.

Based on these phone calls, none of which Plaintiff alleges with factual support were

initiated by Insurance Pipeline, Plaintiff now seeks individually and on behalf of a purported class one Count under the TCPA, 47 U.S.C. § 227.

### III.  ARGUMENT

Plaintiff's Complaint has three fatal flaws preventing her from proceeding under the TCPA against Insurance Pipeline: (1) this Court does not have personal jurisdiction over Insurance Pipeline; (2) there are no factual allegations to support that Insurance Pipeline itself or anyone acting on its behalf made any calls to Plaintiff; and (3) Plaintiff failed to establish the use by Insurance Pipeline of an ATDS or an artificial or prerecorded voice to make the alleged calls.

### A.  Plaintiff Fails to Establish Personal Jurisdiction Over Insurance Pipeline.

Plaintiff fails to establish general or specific personal jurisdiction in this District over Insurance Pipeline. To find general jurisdiction over Insurance Pipeline, Plaintiff must establish that Insurance Pipeline has "continuous and systematic contacts" with the forum state, Illinois. *Hyperquest, Inc. v. NuGen I.T., Inc.*, 627 F. Supp. 2d 884, 892 (N.D. Ill. 2008) (citing *Edelson v. Ch'ien*, 352 F. Supp. 2d 861, 866 (N.D. Ill. 2005)) (internal quotations omitted). Federal courts examine a company's place of incorporation or principal place of business to determine where "the corporation is fairly regarded as at home" to determine where the corporation is subject to general personal jurisdiction. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011); *Abelesz v. OTP Bank*, 692 F.3d 638, 651 (7th Cir. 2012) (requiring that the defendant be "essentially at home" in the forum in order to establish general jurisdiction). Insurance Pipeline is neither incorporated nor headquartered in Illinois. Exhibit 1, Bassell Dec. ¶ 3. Insurance Pipeline Inc. is incorporated in Florida with its principal place of business in Fort Lauderdale, Florida. *Id.* As such, barring certain exceptional circumstances, Insurance Pipeline is not subject to this Court's general personal jurisdiction in Illinois.

Only in an "exceptional case" will a company's operations in a forum where it is not incorporated or headquartered be found to be "so substantial and of such a nature as to render the corporation at home" there. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)). Plaintiff makes no effort to allege any such substantial operations by Insurance Pipeline in Illinois. Plaintiff has not alleged Insurance Pipeline engaged in "continuous and systematic contacts" in Illinois. Further, Insurance Pipeline (1) does not maintain, own, lease, or operate any office, facility, storefront, warehouse, or other place of business in the State of Illinois, (2) does not own, lease, or possess any real property, personal property, bank accounts, or other assets located in the State of Illinois, (3) does not advertise or market its operations in the State of Illinois; (4) does not conduct, and has not conducted, any regular, systematic, or continuous business operations in the State of Illinois. Bassell Dec. ¶¶ 4-8. Therefore, Plaintiff fails to establish general personal jurisdiction in this District over Insurance Pipeline.

Plaintiff also fails to establish specific personal jurisdiction over Insurance Pipeline in this District. Plaintiff remarkably and fatally does not invoke Illinois's long-arm jurisdictional statute, 735 ILCS 5/2–209, and Plaintiff does not state expressly or otherwise which, if any, of the "acts hereinafter enumerated" in the statute compels and allows this Court to bring Insurance Pipeline within its ambit and jurisdiction. *See* 735 ILCS 5/2–209(a). Plaintiff generally claims that "Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district." Compl. ¶ 7.

Assuming that Plaintiff is relying on the "commission of a tortious act within this State" provision of the long-arm statute, Plaintiff "may not rely solely on a showing that the alleged harm was felt in Illinois," but "must also show that there was intent on behalf of the Defendants to

impinge upon an Illinois interest." *Hyperquest, Inc. v. NuGen I.T., Inc.*, 627 F. Supp. 2d 884, 891, 894 (N.D. Ill. 2008) ("This additional limitation mirrors the requirement under the due process clause that the defendant 'purposefully avail himself of the forum state's benefits' and "ensures that jurisdiction is not based on random or fortuitous contacts with the forum state, but is based on voluntariness and foreseeability."); *see Heritage House Restaurants, Inc. v. Cont'l Funding Group, Inc.,* 906 F.2d 276, 282 (7th Cir. 1990). Therefore, Plaintiff's allegations that she received calls while she was in Illinois are not enough.

Defendant anticipates Plaintiff's arguing what has been coined an "impact theory" of minimum contacts, i.e. a conclusion that "mistakenly assumes" that because Defendant's alleged tortious conduct "would be felt in Illinois, the [D]efendant[] *must have* acted with an intent to affect an Illinois interest." *Hyperquest, Inc. v. NuGen I.T., Inc.*, 627 F. Supp. 2d 884, 894 (N.D. Ill. 2008) (emphasis in original). This argument fails "because it is too speculative to show the requisite intent on behalf of the Defendant[] to affect an Illinois interest." *Morgan v. GTECH Corp.,* No. 90 C 238, 1990 WL 251900, at *5 (N.D. Ill. Dec. 19, 1990) (Kocoras, J.) (rejecting the "impact theory" and finding plaintiff's residence in Illinois fortuitous).

Because Insurance Pipeline "has challenged [the] court's exercise of personal jurisdiction, the plaintiff has the burden of demonstrating that the court's exercise of personal jurisdiction over a defendant is proper." *Hyperquest, Inc. v. NuGen I.T., Inc.*, 627 F. Supp. 2d 884, 891 (N.D. Ill. 2008); *see RAR. Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir.1997). Because there are no facts supporting a prima facie showing of personal jurisdiction over Insurance Pipeline, Insurance Pipeline is not required to present evidence to controvert Plaintiff's failure to meet its burden. *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) (explaining a court may receive and weigh affidavits prior to trial on the merits); *see generally ABN AMRO, Inc.*

5

*v. Capital Intern. Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (same). Therefore, Plaintiff fails to establish a prima facie showing of personal jurisdiction over Insurance Pipeline, and because of Plaintiff's failure to meet her burden of alleging specific facts to comply with Illinois's long-arm statute, this Court must dismiss Plaintiff's Complaint.

> **B.      Plaintiff Fails to Establish Insurance Pipeline's Direct or Vicarious Liability for the Alleged Violative Calls.**

For Plaintiff to state a claim for relief for direct liability under the TCPA, Plaintiff must allege and establish Insurance Pipeline initiated the alleged violative telemarketing calls. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) (citing *In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.R. 6574, 6582 ¶ 24 (2013)).

Plaintiff's allegations state that she received calls from multiple numbers, where one call displayed the caller ID of a company named "HEALTHCARE" and another call identified the calling company as "Healthcare Insurance," not Insurance Pipeline. Compl. ¶¶ 22-24, 26-27. The people who placed the calls identified themselves as "Healthcare Insurance" agents, not Insurance Pipeline agents. *Id.* The only time Plaintiff allegedly spoke with an Insurance Pipeline agent (the alleged call with "Natasha") was on a transferred call that Plaintiff was already on, not a call placed to Plaintiff. *Id.* ¶ 28.

Plaintiff asserts that "upon information and belief" Healthcare Insurance "is a trade or marketing name used by Insurance Pipeline." *Id.* ¶ 24. However, Plaintiff does not provide any facts detailing what the call entailed or whether the caller mentioned Insurance Pipeline to lead Plaintiff to this belief. *Id.* ¶¶ 22-25. While courts recognize pleading "on information and belief" is a common way of making allegations when the information is "peculiarly within the knowledge of the defendants," Plaintiff's "hunch" is "not a license to undertake a fishing expedition." *See Brown v. Montgomery*, 2024 WL 1243669, *13 (N.D. Ill. Mar. 22, 2024); *Brown v. Budz*, 398 F.3d

904, 914 (7th Cir. 2005). Plaintiff must still allege facts sufficient to raise her right to relief against Insurance Pipeline "above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (declining to take as true the conclusory allegation "upon information and belief" that companies had entered a conspiracy without sufficient facts to make that statement plausible); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (explaining that a complaint is inadequate "if it tenders naked assertion[s] devoid of further factual enhancement.").

Plaintiff fails to allege and establish that (1) the calls she received were from Insurance Pipeline's phone numbers, (2) the caller ID belonged to Insurance Pipeline, or (3) the persons who initiated the calls identified themselves as employees of Insurance Pipeline. Therefore, Plaintiff has not alleged and established Insurance Pipeline directly made the telephone calls to Plaintiff's phone, and therefore Plaintiff cannot proceed under a direct liability theory.

Plaintiff also did not allege a claim against Insurance Pipeline under the theory of vicarious liability. Even if it had, Plaintiff must allege actual authority, apparent authority, or ratification to establish a principal and agent relationship. The agency theories of actual authority, apparent authority, and ratification each offer an independent basis for vicarious liability. *Lightfoot v. SelectQuote, Inc.*, No. 1:24-CV-04673, 2025 WL 1547495, at *2 (N.D. Ill. May 30, 2025) (citing *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021)).

The Seventh Circuit applies the common law definition of agency from the Restatement (Third) of Agency, defining it as "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01; *see Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000) (explaining the "Illinois law of agency, as well as the federal common law of

agency, accord with the Restatement.").

Plaintiff fails to allege and establish actual authority. To state a claim for actual authority, Plaintiff must allege facts that "the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) Of Agency § 2.01 (2006); *see Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859, 866 (7th Cir. 1998). The Seventh Circuit established the following factors that Plaintiff must establish: "(1) a principal/agent relationship exists, (2) the principal controlled or had the right to control the alleged agent's conduct, and (3) the alleged conduct fell within the scope of the agency." *See Bilek*, 8 F.4th at 587.

Here, Plaintiff does not allege any facts that support any person who placed a call to Plaintiff had actual authority to make the alleged phone calls on behalf of Insurance Pipeline. It is evident from Plaintiff's Complaint that Plaintiff jumped to the conclusion that the "Healthcare Insurance" agents who initiated the calls worked for Insurance Pipeline, and therefore, Insurance Pipeline placed the calls. However, this assumption does not withstand the requirements to establish an agency relationship between the "Healthcare Insurance" agents and Insurance Pipeline.

Plaintiff's own allegations state that she was called by "Healthcare Insurance" agents who had identified they were calling from "Healthcare Insurance." *Id.* ¶¶ 24, 27. None of those "Healthcare Insurance" agents stated that he or she worked for Insurance Pipeline. The only time Plaintiff alleges anything about "Insurance Pipeline" coming up in calls she received was that the April 24, 2025 "Healthcare Insurance" caller discussed insurance products offered by Insurance Pipeline. *Id.* ¶ 27. There are no other details about what type of insurance products the "Healthcare Insurance" agent offered, for what duration, for how long, or for what price. There are no

8

allegations that the "Healthcare Insurance" agent explicitly told Plaintiff that they were solely offering Insurance Pipeline insurance products. There are no allegations that the "Healthcare Insurance" agents told Plaintiff that they were authorized by Insurance Pipeline to sell Insurance Pipeline insurance products.

After simply stating that the caller "began discussing insurance products offered by Defendant," the next sentence jumps to the assertion that "Plaintiff was connected with an agent named 'Natasha,' who was calling from Defendant." *Id.* ¶ 28. On that call, Plaintiff does not allege that "Natasha" confirmed that the "Healthcare Insurance" caller who transferred them works for Insurance Pipeline. Therefore, apart from conclusory statements, Plaintiff fails to allege and establish that Insurance Pipeline controlled the conduct of the "Healthcare Insurance" agents she spoke to, or that Insurance Pipeline assented to the "Healthcare Insurance" agents to act on its behalf, or that the "Healthcare Insurance" agents agreed to such an assignment of actual authority. *See Bennett v. Celtic Ins. Co.*, 2022 WL 865837, *1 (N.D. Ill. Mar. 23, 2022) (finding that allegations that plaintiff spoke with "sales agents who worked with Ambetter to sell an Ambetter plan," and only offered an Ambetter plan on the call, were insufficient to state a claim under the theory of vicarious liability).

Plaintiff also fails to allege and establish apparent authority. Apparent authority "is the power held by an agent . . . to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement § 2.03. "Statements by an agent are insufficient to create apparent authority." *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) (citing *Am. Soc'y of Mech. Engineers v. Hydrolevel Corp.*, 456 U.S. 556, 565-74 (1982)). Instead, "apparent authority must derive from the statements or actions of the alleged

principal, not the alleged agent." *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 744 (N.D. Ill. 2014); *see Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000) ("[O]nly the words or conduct of the alleged principal, not the alleged agent, establish the actual or apparent authority of an agent.") (internal citation omitted); *see also* Restatement (Third) of Agency § 2.03 cmt. c (2006) ("An agent's success in misleading the third party as to the existence of actual authority does not in itself make the principal accountable.").

In the Complaint, there are no allegations that any of the calls Plaintiff received and answered were from someone claiming to be from Insurance Pipeline. There are no allegations that Plaintiff ever received any warranty offering by mail or email from Insurance Pipeline, that Insurance Pipeline ever relayed any directions to the "Healthcare Insurance" agents, and that the "Healthcare Insurance" agents had permission to negotiate the insurance products they allegedly offered. Therefore, Plaintiff fails to allege specific facts to support agency liability based on apparent authority. *See, e.g. Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-CV-1216, 2018 WL 835222, at *6 (N.D. Ill. Feb. 13, 2018) (rejecting Plaintiff's argument of the existence of apparent authority when telemarketers "mentioned Defendants' products on their calls and sent [Plaintiff] paperwork featuring Defendants' names").

Finally, Plaintiff fails to establish ratification by Insurance Pipeline. Ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) of Agency § 4.01. A principal can ratify an act by "(a) manifesting assent that the act shall affect the person's legal relations, or (b) conduct that justifies a reasonable assumption that the person so consents." *Id.* at § 4.01(2). A principal "is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Id.* at § 4.01 cmt. b.

"[K]nowing acceptance of the benefit of a transaction ratifies the act of entering into the transaction." *Id.* at § 4.01 cmt. d.

The Complaint lacks any allegations that Insurance Pipeline had accepted a benefit from the alleged calls made by the "Healthcare Insurance" agents. Plaintiff does not claim she completed any sort of agreement or purchase and sale with Insurance Pipeline. The lack of allegations and facts indicates that there exists no ratification. *See Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 745-46 (N.D. Ill. 2014).

Therefore, Plaintiff has failed to allege Insurance Pipeline had direct liability or vicarious liability for the alleged actions of the purported "Healthcare Insurance" agents. Plaintiff fails to plead more than mere conclusions to survive a motion to dismiss. This Court should dismiss Plaintiff's claims with prejudice. *Iqbal*, 556 U.S. at 679.

C. **Plaintiff Fails to Establish the Use of An Automatic Telephone Dialing System or the Use of An Artificial or Prerecorded Voice.**

Plaintiff's Complaint fails to allege and demonstrate that Insurance Pipeline used an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to make the alleged calls. Under the TCPA, it is prohibited "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] or an artificial or prerecorded voice. . . ." 47 U.S.C. § 227(b)(1)(A). Under the TCPA, an ATDS is defined as "equipment which has the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

First, Plaintiff does not allege with factual support that Insurance Pipeline made any calls; Plaintiff only alleges that "Healthcare Insurance" agents made calls to Plaintiff. The only time Plaintiff mentions the use of an ATDS is in her legal conclusions that "Defendant Insurance

Pipeline Inc placed an automatically dialed telemarketing call to Plaintiff's cellular number. . . ." Compl. ¶¶ 22, 26. Besides these conclusions with the "magic words," there is no factual basis in the entire Complaint for the use of an ATDS, as required for Plaintiff to plead a TCPA violation.

Second, Plaintiff does not allege she heard any artificial or prerecorded voices on the calls. In fact, Plaintiff's allegations support that all the calls she received and answered were with live "Healthcare Insurance" agents, and the call she was transferred to in one of those calls was with a live agent named "Natasha" from Insurance Pipeline. Plaintiff also does not allege she received any voicemails with artificial or prerecorded voices from the "HEALTHCARE" or "Healthcare Insurance" caller ID phone numbers.

Therefore, under the TCPA, Plaintiff has failed to allege and establish the use of an ATDS or an artificial or prerecorded voice that made the alleged calls. This Court should dismiss Plaintiff's claim with prejudice.

## IV.     <u>CONCLUSION</u>

Plaintiff Ricker's Complaint has three fatal flaws requiring dismissal of her claims under the TCPA against Insurance Pipeline: (1) this Court has no personal jurisdiction over Insurance Pipeline; (2) Plaintiff has not alleged direct or vicarious liability attributed to Insurance Pipeline; and (3) Plaintiff failed to allege and establish the use of an ATDS or an artificial or prerecorded voice by Insurance Pipeline to make the alleged calls, whether allegedly by Insurance Pipeline or the ""Healthcare Insurance" agents. Therefore, this Court should dismiss Plaintiff's Complaint with prejudice.

Date: May 6, 2026                    Respectfully submitted,

By: */s/ David F. Standa*
**DAVID F. STANDA**
Illinois Bar No. 6300942
david.standa@gmlaw.com
**GREENSPOON MARDER LLP**

227 W. Monroe Street, Suite 3950
Chicago, IL 60606
**JEFFREY GILBERT (Pro Hac Vice
to be Filed)**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761

*Attorneys for Defendant* INSURANCE PIPELINE
INC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ David F. Standa*
**David F. Standa**

13