**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

KRISTIN KATHERINE BAISCH RICKER,
on behalf of herself and others similarly situated,

        Plaintiff,

     v.                              Case No.: 1:26-cv-02263

INSURANCE PIPELINE INC,

        Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Insurance Pipeline Inc. ("Insurance Pipeline"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, *et seq*., herein replies in support of its Motion to Dismiss Plaintiff Kristin Katherine Baisch Ricker's ("Ricker") Class Action Complaint (D.E. 1) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, and states as follows:

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Plaintiff's Opposition to Defendant Insurance Pipeline's Motion to Dismiss ("Plaintiff's Opposition") (D.E. 15) reframes conclusory allegations as "well-pled facts," relies on an after-the-fact Declaration of Plaintiff Ricker to cure pleading defects in her Complaint, and requests the Court to infer jurisdiction over and direct liability for calls purportedly made by "Healthcare Insurance," not Defendant Insurance Pipeline. The governing standards require more. Plaintiff has not made a prima facie showing of specific personal jurisdiction over Insurance Pipeline, a Florida corporation, and has not plausibly alleged that Insurance Pipeline directly initiated the calls or is

1

directly liable for the calls. Therefore, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction and for failure to state a claim.

## II.   BACKGROUND

Plaintiff concludes that Defendant Insurance Pipeline placed one call to her cellular number on February 4, 2025, from caller ID (815) 234-3900. Yet, the Plaintiff alleges that the caller ID displayed "HEALTHCARE" and that the speaker identified the company as "Healthcare Insurance," not Defendant Insurance Pipeline. Compl. ¶¶ 22-23. Plaintiff concludes that "upon information and belief" that Healthcare Insurance "is a trade or marketing name used by Insurance Pipeline." *Id.* ¶ 24. However, Plaintiff provides no facts in her Complaint that led Plaintiff to this belief. *Id.* ¶¶ 22-25. Plaintiff does not allege what the call entailed or whether the caller even mentioned Defendant Insurance Pipeline. *Id.* Plaintiff's Declaration in support of her Opposition confirms that the caller identified itself to be calling from "Healthcare Insurance" and does not state that the "Healthcare Insurance" caller mentioned Defendant Insurance Pipeline. Dec. of Plaintiff (D.E. 15-1) ¶ 9.

Then, more than two months later, on April 24, 2025, Plaintiff concludes that Defendant Insurance Pipeline placed a "second" call to Plaintiff's cellular telephone number from the caller ID (815) 234-9996 (a number that does not match the first number Plaintiff allegedly received a call from). Compl. ¶ 26. Again, the caller identified itself as calling from the company as "Healthcare Insurance," not Defendant Insurance Pipeline. *Id.* ¶ 27. During the call, Plaintiff alleges the caller began discussing insurance policies offered by Defendant, and that she was then *transferred* and connected with an agent named "Natasha." *Id.* ¶ 28. "Natasha" allegedly provided the website theinsupipeline.com and a callback number (888) 702-3773, which Plaintiff alleges is

2

associated with Defendant Insurance Pipeline. *Id.* ¶ 29-30. This callback number is not the same as the two numbers that allegedly initiated the calls to Plaintiff.

Following the April 24, 2025 call, Plaintiff alleges she received additional telemarketing calls thereafter from caller ID (815) 296-5065, which she claims are from Defendant Insurance Pipeline. Based on these phone calls, Plaintiff now seeks individually and on behalf of a purported class one Count under the TCPA, 47 U.S.C. § 227.

## III.    ARGUMENT

Plaintiff's Opposition and Declaration in support do not fix the fatal flaws in her Complaint that this Court does not have specific personal jurisdiction over Insurance Pipeline, and that there are no factual allegations to support that Defendant Insurance Pipeline itself or anyone acting on its behalf made any calls to Plaintiff.

### A.    Plaintiff's Opposition and Declaration Do Not Cure the Absence of Personal Jurisdiction Over Defendant Insurance Pipeline.

Plaintiff fails to establish general or specific personal jurisdiction over Defendant Insurance Pipeline, a Florida corporation, in this District. Plaintiff does not argue in its Opposition that the Court has general jurisdiction over Insurance Pipeline (see Pl.'s Opp. at 8), and therefore Insurance Pipeline will only address the specific jurisdiction argument.

Plaintiff's Complaint generally claims that "Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district." Compl. ¶ 7. Plaintiff's Opposition asserts that calls to an Illinois number and an Illinois location is enough to establish Insurance Pipeline's purposeful availment of the forum state and the relatedness of any contacts, and therefore to establish specific jurisdiction. Pl.'s Opp. at 8.

As anticipated, Plaintiff argues what has been coined an "impact theory" of minimum contacts, i.e. a conclusion that "mistakenly assumes" that because Defendant's alleged tortious

conduct "would be felt in Illinois, the [D]efendant[] *must have* acted with an intent to affect an Illinois interest." *Hyperquest, Inc. v. NuGen I.T., Inc.*, 627 F. Supp. 2d 884, 894 (N.D. Ill. 2008) (emphasis in original). The assumption of the impact theory of minimum contacts is mistaken because for jurisdiction to attach, a plaintiff "may not rely solely on a showing that the alleged harm was felt in Illinois…[they] must also show that there was intent on behalf of the Defendant[] to impinge upon an Illinois interest." *Id.* "This additional limitation mirrors the requirement under the due process clause that the defendant 'purposefully avail himself of the forum state's benefits' and "ensures that jurisdiction is not based on random or fortuitous contacts with the forum state, but is based on voluntariness and foreseeability." *Id. see also Heritage House Restaurants, Inc. v. Cont'l Funding Group, Inc.,* 906 F.2d 276, 282 (7th Cir. 1990). Plaintiff's argument fails "because it is too speculative to show the requisite intent on behalf of the Defendant[] to affect an Illinois interest." *Morgan v. GTECH Corp.,* No. 90 C 238, 1990 WL 251900, at *5 (N.D. Ill. Dec. 19, 1990) (Kocoras, J.) (rejecting the "impact theory" and finding plaintiff's residence in Illinois fortuitous).

Plaintiff fails to allege that Insurance Pipeline intended to affect an Illinois interest. The Complaint lacks any sort of allegations that the "Healthcare Insurance" callers asked about Plaintiff's location or that they were aware of Plaintiff's location. Examining the case law that Plaintiff cites in support of her argument, the courts had found specific factual allegations to support the intent to affect an Illinois resident. In *Gratz v. Arcadia Power, Inc.*, No. 1:25-cv-12249, Order, D.E. 25 at 2-3 (N.D. Ill. 2025), Honorable Judge Jenkins found that the plaintiff established specific jurisdiction over an out-of-state defendant due to facts that connected the calls to an Illinois interest. The Court specifically found that defendant's telemarketer had informed the plaintiff that the defendant "had been 'assigned' to his area" and referenced Illinois utility provider

ComEd and Ameren multiple times, even specifically stating during at least one call that a credit was being offered to plaintiff "as long as [the plaintiff is] under ComEd or Ameren." *Id.* Here, Plaintiff lacks any factual allegations that the calls she received were intentionally targeting an Illinois interest.

Further, because Plaintiff relies solely on the "Healthcare Insurance" calls to attempt to drag Defendant Insurance Pipeline into the forum state, Plaintiff speculates "upon information and belief" to bridge an obvious gap between the "Healthcare Insurance" callers and Defendant Insurance Pipeline. Plaintiff's Complaint and Declaration cite two specific calls, separated by over two months in time. The Complaint alleges that on February 4, 2025, the caller ID stated "HEALTHCARE," and the speaker identified the company as "Healthcare Insurance," which Plaintiff, "upon information and belief," contends is a trade/marketing name of Insurance Pipeline. Compl. ¶¶ 22-24. The Complaint further alleges an April 24, 2025 call (more than two months after the first call) from a different number where the caller again identified "Healthcare Insurance," discussed insurance products "offered by Defendant," and then transferred Plaintiff to "Natasha," who allegedly provided the website "theinsupipeline.com" and a callback number "(888) 702-3773." Compl. ¶¶ 26-30. Even accepting those allegations as true under Rule 12(b)(6), Plaintiff's Complaint does not establish that the "Healthcare Insurance" callers made the initial calls intentionally to target Illinois interests, that the "Healthcare Insurance" callers were directed, advised, or told by Defendant Insurance Pipeline to target Illinois residents, or that the "Natasha" agent with Defendant Insurance Pipeline ever asked or inquired about Plaintiff's location or anything related to the state of Illinois.

Therefore, Plaintiff, even with her Declaration, fails to establish a prima face showing of personal jurisdiction over Defendant Insurance Pipeline, and because of Plaintiff's failure to meet

its burden of alleging specific facts to comply with Illinois' long-arm statute, this Court must dismiss Plaintiff's Complaint.

### B. Plaintiff Fails to Establish Insurance Pipeline's Direct Liability for the Alleged Violative Calls.

For Plaintiff to state a claim for relief for direct liability under the TCPA, Plaintiff must allege and establish Defendant Insurance Pipeline initiated the alleged telemarketing calls. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) (citing *In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.R. 6574, 6582 ¶ 24 (2013)). Plaintiff cites non-binding case law from different out-of-state federal courts to argue that because she was *transferred* to an agent who allegedly identified herself with Defendant Insurance Pipeline, she has established a claim of direct liability for all the calls she received.

Notably, in many cases Plaintiff cites, those plaintiffs alleged specific facts to support that the callers who *initiated* the calls or voicemails identified themselves (either on the call or other platforms) as the defendants' agents or had access to defendants' systems. *See Smith v. Am.-Amicable Life Ins. Co. of Texas*, No. CV 22-333, 2022 WL 1003762, at *1 (E.D. Pa. Apr. 4, 2022) (alleging that plaintiff received phone calls with prerecorded messages and answered subsequent live calls that informed plaintiff that he was speaking with the defendant); *Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322, Memorandum Order Denying Motion to Dismiss, D.E. 30 at 3-4 (W.D. Pa. Aug 1, 2022) (alleging, in the amended complaint, that the incoming caller appeared to have access to defendant's verification systems, the caller informed plaintiff how to respond correctly to the systems, and the systems provided plaintiff with the telephone number of the defendant and a verification number "unique to a sale for [defendant]."); *Chinitz v. Intero Real Estate Services*, No. 18-CV-05623-BLF, 2021 WL 1375837, at *5 (N.D. Cal. Apr. 12, 2021) (presenting evidence that "the calls were from a sales associate associated with [d]efendant asking

if he was interested in relisting his house for sale," including that the associates' names were on the defendant's website and that the associates names were submitted to the state's department of real estate).

Here, Plaintiff's Complaint alleges multiple calls Plaintiff received and picked up from "HEALTHCARE" caller IDs where she spoke with "Healthcare Insurance" agents but does not allege with factual support that the caller IDs belonged to Defendant Insurance Pipeline or that the initial callers identified themselves as Defendant Insurance Pipeline agents. Plaintiff does not allege any connection between the "Healthcare Insurance" agents and Insurance Pipeline, besides that the agents discussed insurance products offered by Defendant Insurance Pipeline and that Plaintiff was transferred to an agent for Insurance Pipeline. Compl. ¶¶ 26-30. There are no allegations to support that the "Healthcare Insurance" agents had access to Insurance Pipeline's systems or its proprietary information. Plaintiff's Declaration does not change the analysis; it just repeats the jump that Plaintiff concluded the "Healthcare Insurance" calls were calls initiated by Defendant Insurance Pipeline. Plaintiff's subjective understanding of the "Healthcare Insurance" calls is not a factual allegation that Defendant Insurance Pipeline initiated the calls.

Naked assertions and "upon information and belief" statements without factual enhancement do not cross the plausibility line, and Plaintiff's "hunch" is "not a license to undertake a fishing expedition." *See Brown v. Montgomery*, 2024 WL 1243669, *13 (N.D. Ill. Mar. 22, 2024); *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). Plaintiff fails to allege facts sufficient to raise her right to relief against Defendant Insurance Pipeline "above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (declining to take as true the conclusory allegation "upon information and belief" that companies had entered a conspiracy without sufficient facts to make that statement plausible); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 557) (explaining that a complaint is inadequate "if it tenders naked assertion[s] devoid of further factual enhancement.").

Plaintiff's Opposition and Declaration in support do not fix the issues in Plaintiff's Complaint: that Plaintiff fails to allege and establish that (1) the calls she received were from Defendant Insurance Pipeline's phone numbers, (2) the caller ID identified or was a number associated with Defendant Insurance Pipeline, and (3) the two persons who initiated the calls identified themselves as employees of Insurance Pipeline. Therefore, Plaintiff has not established in her Complaint that Defendant Insurance Pipeline directly made the telephone calls to Plaintiff's phone, and therefore cannot proceed under a direct liability theory.

Plaintiff also did not allege a claim against Defendant Insurance Pipeline under the theory of vicarious liability. Even if it had, Plaintiff must allege actual authority, apparent authority, or ratification to establish a principal and agent relationship. *Lightfoot v. SelectQuote, Inc.*, No. 1:24-CV-04673, 2025 WL 1547495, at *2 (N.D. Ill. May 30, 2025) (citing *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021)). Plaintiff incorporates its argument from its Motion to Dismiss (D.E. 12, pgs. 7-11), which establishes that Plaintiff's Complaint failure to allege and establish the vicarious liability of Defendant Insurance Pipeline.

## IV.    CONCLUSION

For the reasons stated above as well as in the underlying Motion to Dismiss Plaintiff Ricker's Complaint, the Court should dismiss Plaintiff's Complaint with prejudice because this Court has no personal jurisdiction over Defendant Insurance Pipeline, and Plaintiff failed to allege direct liability attributed to Defendant Insurance Pipeline.

Date: June 11, 2026                    Respectfully submitted,

By: */s/David F. Standa*
**DAVID F. STANDA**
Illinois Bar No. 6300942

david.standa@gmlaw.com
**GREENSPOON MARDER LLP**
227 W. Monroe Street, Suite 3950
Chicago, IL 60606
**JEFFREY GILBERT (Pro Hac Vice
to be Filed)**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL  33131
Direct Phone Number: 305-789-2761

*Attorneys for Defendant INSURANCE PIPELINE
INC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ David F. Standa*
**David F. Standa**

9