**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

KRISTIN KATHERINE BAISCH RICKER,
on behalf of herself and others similarly situated,

Plaintiff,

v.

INSURANCE PIPELINE INC,

Defendant.
______________________________________/

Case No.: 1:26-cv-02263
Honorable Charles P. Kocoras

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Insurance Pipeline Inc. ("Insurance Pipeline"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 8(b), *et seq*., herein files its Answer and Affirmative Defenses to Plaintiff Kristin Katherine Baisch Ricker's ("Ricker") Class Action Complaint (D.E. 1) brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"), and in support thereof, Insurance Pipeline states:

**Preliminary Statement**

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER**: **Insurance Pipeline admits that Plaintiff brings this purported action under the Telephone Consumer Protection Act ("TCPA") but otherwise denies the allegations in Paragraph 1. Insurance Pipeline respectfully refers the Court to the TCPA (47 U.S.C. § 227) for its full and accurate contents and context.**

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER: Insurance Pipeline admits that Plaintiff brings this purported action under the TCPA but otherwise denies the allegations in Paragraph 2. Insurance Pipeline respectfully refers the Court to the TCPA (47 U.S.C. § 227), 47 C.F.R. § 64.1200, 16 C.F.R. § 310.4, and the case law decision for their full and accurate contents and context.**

3. Kristin Katherine Baisch Ricker ("Plaintiff") brings this class action against Insurance Pipeline Inc ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER: Insurance Pipeline admits that Plaintiff brings this purported class action under the TCPA but otherwise denies the allegations in Paragraph 3.**

4. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**ANSWER: Insurance Pipeline denies the allegations of Paragraph 4.**

## Jurisdiction & Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

**ANSWER: Insurance Pipeline admits that this purported action arises under the TCPA (47 U.S.C. § 227), and, therefore, agrees this Court has subject matter jurisdiction over any claims arising under the TCPA but otherwise denies the allegations in Paragraph 5.**

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**ANSWER: Insurance Pipeline denies the allegations of Paragraph 6 and affirmatively states that venue is not proper in this District.**

7. In particular, Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district.

**ANSWER: Insurance Pipeline denies the allegations of Paragraph 7, and affirmatively states the Court lacks personal jurisdiction over Insurance Pipeline, a Florida corporation, based on any alleged calls to Plaintiff's cellular telephone.**

## Parties

8. Plaintiff is a natural person who at all relevant times resided Ogle County, Illinois, located in this District.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, including whether Plaintiff at all relevant times resided in Ogle County, Illinois, and therefore, denies the allegations in Paragraph 8.**

9. Defendant is a corporation headquartered in Florida.

**ANSWER: Insurance Pipeline admits the allegations in Paragraph 9.**

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER: Insurance Pipeline denies Plaintiff's characterizations of the TCPA, and therefore denies the allegations in Paragraph 10. Insurance Pipeline respectfully refers the Court to the TCPA (47 U.S.C. § 227) for its full and accurate contents and context.**

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER: Insurance Pipeline denies Plaintiff's characterizations of 47 C.F.R. § 64.1200, and therefore denies the allegations in Paragraph 11. Insurance Pipeline respectfully refers the Court to 47 C.F.R. § 64.1200 for its full and accurate contents and context.**

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER: Insurance Pipeline denies Plaintiff's characterizations of 47 C.F.R. § 64.1200, and therefore denies the allegations in Paragraph 12. Insurance Pipeline respectfully refers the Court to 47 C.F.R. § 64.1200 for its full and accurate contents and context.**

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER: Insurance Pipeline denies Plaintiff's characterizations of the TCPA (47 U.S.C. § 227) and 47 C.F.R. § 64.1200, and therefore denies the allegations in Paragraph 13. Insurance Pipeline respectfully refers the Court to the TCPA (47 U.S.C. § 227) and 47 C.F.R. § 64.1200 for their full accurate contents and context.**

## Factual Allegations

14. Plaintiff is the regular and sole user of her cellular telephone number—(815) XXX-XXXX.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, including whether Plaintiff is the regular and sole user of her cellular telephone number, and therefore, denies the allegations in Paragraph 14.**

15. Plaintiff uses, and at all times since 1996 used, telephone number (815) XXX-XXXX as her personal residential telephone number.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, including whether Plaintiff uses, and at all times since 1996 used, telephone number (815) XXX-XXXX as her personal residential telephone number, and therefore, denies the allegations in Paragraph 15.**

16. Plaintiff does not use, and at no time since 1996 used, telephone number (815) XXX-XXXX for business or commercial purposes.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, including whether Plaintiff does not**

**use, and at no time since 1996 used, telephone number (815) XXX-XXXX for business or commercial purposes, and therefore, denies the allegations in Paragraph 16.**

17. Plaintiff registered telephone number (815) XXX-XXXX with the DNC Registry on August 15, 2005, and it has been on the Do Not Call Registry ever since.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, including whether Plaintiff herself registered telephone number (815) XXX-XXXX with the DNC Registry on August 15, 2005, and whether registered telephone number (815) XXX-XXXX has been on the Do Not Call Registry ever since, and therefore, denies the allegations in Paragraph 17.**

18. Plaintiff does not have a landline telephone number in her home or any other telephone number.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, including whether Plaintiff does not have a landline telephone number in her home or any other telephone number, and therefore, denies the allegations in Paragraph 18.**

19. Plaintiff uses her cellular phone number for personal use only as one would use a land-line telephone number in a home.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, including whether Plaintiff uses her cellular phone number for personal use only as one would use a landline telephone number in a home, and therefore, denies the allegations in Paragraph 19.**

20. Plaintiff uses her cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, including whether Plaintiff uses her cellular phone number primarily to communicate with friends and family, or to schedule personal appointments and for other household purposes, and therefore, denies the allegations in Paragraph 20.**

21. Plaintiff personally pays for her cell phone plan; it is not reimbursed by a business.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, including whether Plaintiff personally pays for her cell phone plan and whether it is not reimbursed by a business, and therefore, denies the allegations in Paragraph 21.**

22. On February 4, 2025, Defendant Insurance Pipeline Inc placed an automatically dialed telemarketing call to Plaintiff's cellular telephone number from caller ID (815) 234-3900.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 22**.

23. The caller ID stated, "HEALTHCARE."

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, including whether a "caller ID stated, 'HEALTHCARE,'" and therefore, denies the allegations in Paragraph 23.**

24. The individual who spoke with Plaintiff identified the calling company as "Healthcare Insurance," which, upon information and belief, is a trade name and/or marketing name used by Defendant Insurance Pipeline Inc in connection with its insurance solicitation activities.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, including whether "[t]he individual who spoke with Plaintiff identified the calling company as 'Healthcare Insurance,'" and**

**therefore, denies the allegations in Paragraph 24. Further, Insurance Pipeline denies the allegations in Paragraph 24 about its alleged "trade name and/or marketing name."**

25. Plaintiff stated she was not the person they were calling for and to not call her again.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, including whether "Plaintiff stated she was not the person they were calling for and to not call her again," and therefore, denies the allegations in Paragraph 25.**

26. On April 24, 2025, Defendant again placed an automatically dialed telemarketing call to Plaintiff's cellular telephone number from caller ID (815) 234-9996.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 26.**

27. When Plaintiff answered, the caller identified the company as "Healthcare Insurance" and began discussing insurance products offered by Defendant.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, including whether a "caller ID stated, 'HEALTHCARE,'" and therefore, denies the allegations in Paragraph 27.**

28. During the April 24, 2025 call, Plaintiff was connected with an agent named "Natasha," who was calling from Defendant.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 28.**

29. Natasha provided Plaintiff with Defendant's website address, theinsupipeline.com, and a callback number of (888) 702-3773.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 29.**

30. The callback number provided to Plaintiff is associated with Defendant Insurance Pipeline Inc.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 30.**

31. Following the April 24, 2025 call, Defendant, through its agent Natasha, continued to place additional telemarketing calls to Plaintiff from telephone number (815) 296-5065.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 31.**

32. Defendant called Plaintiff at least twice, thirty-one or more days after the phone number was registered telephone number with the DNC Registry.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 32.**

33. The purpose of the calls was to advertise and market Defendant's business or services.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, including whether the "purpose of the calls was to advertise and market Defendant's business or services," and therefore, denies the allegations in Paragraph 33.**

34. Plaintiff did not give Defendant prior express consent or permission to call Plaintiff at (815) XXX- XXXX.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 34.**

35. Plaintiff did not request information or promotional materials from Defendant.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 35.**

36. Plaintiff suffered actual harm as a result of the calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 36.**

37. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (815) XXX-XXXX was registered with the DNC Registry.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 37.**

## Class Action Allegations

38. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**ANSWER: Insurance Pipeline admits that Plaintiff brings this purported action pursuant to Federal Rule of Civil Procedure 23, but otherwise denies the allegations in Paragraph 38.**

39. Excluded from the class is Defendant, its officers and directors, members of their im-mediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER: Insurance Pipeline admits that Plaintiff proposes exclusions from the purported class, but otherwise denies the allegations in Paragraph 39, including that any proposed class is certifiable.**

40. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 40, including denying that any "proposed members of the class are so numerous that joinder of all of them is impracticable."**

41. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, including whether Plaintiff knows or does not know of the exact number of purported class members, and therefore, denies the allegations in Paragraph 41.**

42. The class is ascertainable because it is defined by reference to objective criteria.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 42.**

43. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 43.**

44. Plaintiff's claims are typical of the claims of the members of the class.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 44.**

45. As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation calls to Plaintiff's telephone number more than thirty-one days after Plaintiff's telephone number was registered with the DNC Registry.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 45.**

46. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 46.**

47. Plaintiff suffered the same injuries as the members of the class.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 47.**

48. Plaintiff will fairly and adequately protect the interests of the members of the class.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, including whether Plaintiff "will fairly and adequately protect the interests of the members of the class," and therefore, denies the allegations in Paragraph 48.**

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, including whether "Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class," and therefore, denies the allegations in Paragraph 49.**

50. Plaintiff will vigorously pursue the claims of the members of the class.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, including whether "Plaintiff will vigorously pursue the claims of the members of the class," and therefore, denies the allegations in Paragraph 50.**

51. Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, including whether Plaintiff's counsel is "experienced and competent in class action litigation," and therefore, denies the allegations in Paragraph 51.**

52. Plaintiff's counsel will vigorously pursue this matter.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, including whether "Plaintiff's counsel will vigorously pursue this matter," and therefore, denies the allegations in Paragraph 52.**

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, including whether "Plaintiff's**

**counsel will assert, protect, and otherwise represent the members of the class," and therefore, denies the allegations in Paragraph 53.**

54. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 54.**

55. Issues of law and fact common to all members of the class are:

a. Defendant's conduct, pattern, and practice as it pertains to making telemarketing calls to telephone numbers already registered on the DNC Registry for more than thirty days;
b. Defendant's violations of the TCPA; and
c. The availability of statutory penalties.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 55.**

56. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 56.**

57. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, including whether "[i]f brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts," and therefore, denies the allegations in Paragraph 57.**

58. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, including whether "[t]he pursuit of separate actions by individual members of the class would, as a practical matter, be**

**dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests," and therefore, denies the allegations in Paragraph 58.**

59. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, including whether "[t]he pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant," and therefore, denies the allegations in Paragraph 59.**

60. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, including whether "[t]hese varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class," and therefore, denies the allegations in Paragraph 60.**

61. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, including whether "[t]he damages suffered by the individual members of the class may be relatively small, thus, the expense**

**and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them," and therefore, denies the allegations in Paragraph 61.**

62. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 62.**

63. There will be no extraordinary difficulty in the management of this action as a class action.

**ANSWER: Insurance Pipeline lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, including whether "[t]here will be no extraordinary difficulty in the management of this action as a class action," and therefore, denies the allegations in Paragraph 63.**

64. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 64.**

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

**ANSWER: Insurance Pipeline realleges and incorporates the answers in each of the prior Paragraphs as if fully set forth herein. For the avoidance of doubt, Insurance Pipeline denies any allegation of Paragraph 65 not encompassed by the foregoing incorporation.**

66. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 66.**

67. Defendant's violations were negligent, willful, or knowing.

**ANSWER: Insurance Pipeline denies the allegations in Paragraph 67.**

68. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER: Insurance Pipeline admits that Plaintiff seeks monetary damages, but otherwise denies the allegations in Paragraph 68, including denying that Plaintiff is entitled to any such monetary damages.**

69. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER: Insurance Pipeline admits that Plaintiff seeks injunctive relief, but otherwise denies the allegations in Paragraph 69, including denying that Plaintiff is entitled to any such injunctive relief.**

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;
b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;
c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;
d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);
e) Enjoining Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, required by law in the future;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);
g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);
h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;
i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and
j) Awarding such other and further relief as the Court may deem just and proper.

**ANSWER: Answering the PRAYER FOR RELIEF following Paragraph 69 of the Complaint, Insurance Pipeline denies Plaintiff is entitled to any relief and judgment demanded in the Complaint and the WHEREFORE CLAUSE, and each subpart A through J.**

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

**ANSWER: Answering the unnumbered allegation following the Prayer for Relief, Insurance Pipeline admits Plaintiff requests a jury trial on issues so triable but denies that all issues raised in the Complaint are triable before a jury.**

## GENERAL DENIAL

For the avoidance of doubt and to the extent that any allegation in the foregoing Answer has not been admitted and remains unaddressed, Insurance Pipeline denies each and every such allegation.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure, Insurance Pipeline asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

## Lack of Personal Jurisdiction and Improper Venue

1. Plaintiff's Complaint fails to establish the Court's exercise of personal jurisdiction over Insurance Pipeline.

2. Insurance Pipeline is a Florida limited liability company with its principal place of business located in Fort Lauderdale, Florida.

3. Plaintiff claims that this Court has personal jurisdiction over Defendant because "Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district." Compl. ¶ 7.

4. Plaintiff fails to allege the specific section or subsection of the long-arm statute she is relying on to bring Insurance Pipeline into the jurisdiction of this Court.

5. Plaintiff also fails to establish how the alleged initiation of calls is enough for the Court to exercise personal jurisdiction over Insurance Pipeline. Insurance Pipeline denies that it initiated any such calls in violation of the TCPA.

6. Further, the Court's exercise of personal jurisdiction over Insurance Pipeline fails to comport with due process and offends the traditional notions of fair play and substantial justice.

7. And it follows that this District is not the proper venue for this lawsuit.

## SECOND AFFIRMATIVE DEFENSE

## Prior Express Consent

8. There is no liability under the TCPA where there is prior express consent.

9. An otherwise prohibited call does not violate the TCPA if the calling party received prior express consent from the called party for calls that are made for a marketing or sales purpose (47 C.F.R. § 64.1200(a)(2), (a)(9)), or express oral or written consent from the called party for non-telemarketing calls (47 C.F.R. § 64.1200(a)(1), (a)(9)).

10. Although Insurance Pipeline denies that it initiated any such calls in violation of the TCPA, Plaintiff's consent to any alleged calls prevents Plaintiff from pursuing her purported TCPA claims.

**THIRD AFFIRMATIVE DEFENSE**

**Good Faith Error—Safe Harbor**

11. Even if the consumer's number is on the National Do Not Call Registry or the consumer has directed the company not to call, the TCPA's safe harbor defense is available where the company, such as Insurance Pipeline, may have made the alleged calls in error.

12. Any call was placed in error and the content of the call did not constitute a "telephone solicitation." Plaintiff's claims therefore are barred, in whole or in part, by the TCPA's "safe harbor provisions." 47 C.F.R. § 64.1200.

**FOURTH AFFIRMATIVE DEFENSE**

**Reasonable Practices And Procedures—Safe Harbor**

13. Even if a consumer has directed a company not to call, the TCPA's safe harbor defense is available where a company such as Insurance Pipeline meets specified routine business standards such as having written compliance procedures, training, recordkeeping, and a process to avoid violation calls.

14. Although Insurance Pipeline denies that it initiated any such calls in violation of the TCPA, Insurance Pipeline has established and reasonable practices and procedures in place, including e.g., written policies and procedures; employee training in procedures; scrubbing in-house DNC, National Call Lists, and Suppression Lists, to prevent telephone solicitation calls that may constitute violations of the TCPA or TCPA regulations, 47 U.S.C. § 227.

## FIFTH AFFIRMATIVE DEFENSE

### No Automatic Telephone Dialing System or Prerecorded or Artificial Voice

15. Under the TCPA, liability applies only to calls (without prior express consent of the called party) using any automatic telephone dialing system ("ATDS") or "an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A).

16. Plaintiff's Complaint alleges that "Defendant Insurance Pipeline placed an automatically dialed telemarketing call to Plaintiff's cellular telephone number. . . ." Compl. ¶¶ 22, 26.

17. Plaintiff's Complaint alleges that Plaintiff spoke with individuals on every alleged call that she answered in dispute in this litigation. Compl. ¶¶ 24, 27-29.

18. Although Insurance Pipeline denies that it initiated any such calls in violation of the TCPA, Plaintiff does not establish that Insurance Pipeline used an ATDS or an artificial or prerecorded voice for any calls, and the use of employees or live agents for calls is not a violation of the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

### Established Business Relationship

19. Plaintiff is not entitled to relief as alleged in the Complaint given an "established business relationship" based on Plaintiff's inquiries.

20. The TCPA's prohibitions do not apply where there is such a relationship.

## SEVENTH AFFIRMATIVE DEFENSE

### The Constitution Prohibits Excessive Statutory Awards

21. The TCPA allows a person to recover statutory damages for a violation of the statute ranging from $500.00 to $1,500.00 per violation and actual damages.

22. The TCPA also provides for a higher damage award only if the violation was willful.

23. If, and only for the sake of argument here, a TCPA class is certified and the class contains several thousand people, Insurance Pipeline's liability for aggregated damages to the class could potentially be so great as to result in an excessive statutory award.

24. The due process clause of the Fifth Amendment to the U.S. Constitution prohibits awards that would result in an excessive statutory award, especially where, as here, Plaintiff invited the conduct (e.g., by consent or other reason) that allegedly violated the TCPA, and no alleged act caused Plaintiff actual injury or damages of any kind.

## EIGHTH AFFIRMATIVE DEFENSE

### Claims Not Properly Certifiable Under Fed. R. Civ. P. 23

25. Plaintiff's claims are barred, in whole or in part, because Plaintiff (and one or more of the members of the putative class) provided express or implied consent to the conduct as described in the Complaint including, but not limited to, providing a cellular telephone number and agreeing to receive calls.

26. Plaintiff purports to represent a class of individuals allegedly contacted in violation of the TCPA.

27. Plaintiff further alleges that there are common questions of law and fact, which predominate over questions affecting any individual member of the class, but such is simply not the case.

28. Plaintiff's claims, in the absence of an injury in fact, mean Plaintiff cannot properly be certified as a class representative or that Plaintiff's claims are typical of the purported members of the putative class, under Federal Rule of Civil Procedure 23 because, among other reasons,

questions of fact relating to each individual putative class member predominate over the questions relating to the class.

29. Plaintiff's claim and the claims of putative class members are barred or limited because they cannot satisfy some or all the requirements for certifying and maintaining a class action under Federal Rule of Civil Procedure 23.

30. Further, Plaintiff's class cannot be certified because the purported classes are fail-safe classes whose membership depends on a determination of the merits of each class member and would only include class members with valid claims. The purported "National Do Not Call Registry Class" requires a determination, for each purported class member, whether the purported class member's "telephone numbers were on the National Do Not Call Registry for at least 31 days," whether the purported class member "received more than one telemarketing call or text messages from or on behalf of Defendant . . . within a 12-month period. . . ." Compl. ¶ 38.

**NINTH AFFIRMATIVE DEFENSE**

**Limitation on Damages**

31. To the extent any statute was violated because of an alleged revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of calls or recordings which took place after Plaintiff revoked consent.

32. Plaintiff's claims for treble damages are barred because Insurance Pipeline did not engage in knowing or willful misconduct.

33. Although Insurance Pipeline denies that it initiated any such calls in violation of the TCPA, Plaintiff acquiesced to any calls she may have received, and Insurance Pipeline did not engage in any knowing or willful misconduct for any actions that occurred both before and during the calls Plaintiff alleges Insurance Pipeline made to Plaintiff's telephone numbers.

**TENTH AFFIRMATIVE DEFENSE**

**Regulatory Compliance**

34. Insurance Pipeline is not liable for a violation of 47 U.S.C. § 227 because any violation is the result of an honest mistake or error, the mistake or error is not part of Insurance Pipeline's routine business practice, and Insurance Pipeline meets the standards for the defense set forth in 47 U.S.C. § 227.

35. Although Insurance Pipeline denies that it initiated any such calls in violation of the TCPA, Insurance Pipeline complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred because Insurance Pipeline complied with all applicable state, federal, and local laws and regulations, including the TCPA, 47 U.S.C. § 227(b) and (c).

36. Insurance Pipeline's regular business practices include comprehensive, compliant procedures, to prevent TCPA violations.

**ELEVENTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate Damages**

37. Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone should cease.

38. Plaintiff's Complaint claims that on one of the alleged calls, she was "connected with an agent named 'Natasha,' . . . [who] provided Plaintiff with" Defendant's contact information. Plaintiff's Complaint fails to allege that she had told this individual to stop calling her telephone number or to be placed on a do-not-call list. Compl. ¶¶ 26-31.

39. If Plaintiff did not want to receive any phone calls she alleges she received from Insurance Pipeline, then Plaintiff failed to advise Insurance Pipeline of this.

**TWELFTH AFFIRMATIVE DEFENSE**

***In Pari Delicto***

40. Plaintiff's claims are barred by the doctrine of *in pari delicto*.

41. The doctrine of in pari delicto holds that "a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." *In re CITX Corp., Inc.*, No. 03-727, 2005 WL 1388963, at *11 (E.D. Pa. June 7, 2005), *aff'd sub nom. In re CitX Corp., Inc.*, 448 F.3d 672 (3d Cir. 2006) (citation omitted). The doctrine "is grounded on two premises: first, that courts should not lend their good offices to mediating disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality." *Official Comm. of Unsecured Creditors of Allegheny Health, Educ. & Research Found. v. Pricewaterhouse Coopers, LLP*, No. 2:00CV684, 2011 WL 13228198, at *2 (W.D. Pa. July 19, 2011) (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 (1985) (footnotes omitted).

42. At all relevant times, Plaintiff (and other purported class members) consented and/or ratified the telephone calls of which Plaintiff complains in the Complaint. Although Insurance Pipeline denies that it initiated any such calls in violation of the TCPA, Plaintiff's allegations evidence that she consented (or did not revoke consent) to receive any calls Plaintiff alleges were made by Insurance Pipeline.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**Statute of Limitations as Applicable to Purported Putative Class Members**

43. The potential claims of the putative class are barred, in whole or in part, by the applicable statute of limitations.

44. The purported "National Do Not Call Registry Class" seeks "persons within the United States" who received "more than one telemarketing call or text message from or on behalf

of Defendant" "at any time in the period that begins four years before the filing this Complaint to trial." Compl. ¶ 38.

45. Any potential member of the putative class failed to file this action within the time prescribed by law, and therefore the claims are untimely and must be dismissed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Estoppel**

46. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. Although that Insurance Pipeline denies that it initiated any such calls in violation of the TCPA, by Plaintiff's own acts, conduct, or omissions—including expressly or impliedly welcoming, consenting to, or encouraging the alleged calls or other communications either directly or indirectly and/or through an intermediary, and providing his financial information—Plaintiff reasonably induced Insurance Pipeline to believe any alleged calls or communications were desired or permitted.

47. Plaintiff is estopped therefore from asserting claims based on those calls or communications.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

**Protected Commercial Speech**

48. Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited, because the subject telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability violates the First Amendment rights of the Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Unclean Hands**

49. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

50. Insurance Pipeline relied on Plaintiff's own acts, conduct, or omissions, including Plaintiff's expressly or impliedly welcoming, consenting to, or encouraging the alleged calls made by Insurance Pipeline either directly or indirectly and/or through an intermediary, and providing her financial information, and Insurance Pipeline suffered damages as a result, requiring Insurance Pipeline to defend itself against Plaintiff's claims.

## RESERVATION OF RIGHTS

Insurance Pipeline reserves the right to amend its Answer and Affirmative Defenses, and to raise and assert any further claims and defenses as may become available in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Insurance Pipeline Inc. respectfully prays for judgment in favor of Insurance Pipeline Inc. and against Plaintiff as follows:

A. That Plaintiff takes nothing by virtue of this Complaint and that this Action be dismissed in its entirety and with prejudice;

B. That Plaintiff is liable for Defendant's costs, expenses, and reasonable attorneys' fees permitted by statute or applicable law; and

C. For such other relief as the Court may deem appropriate.

Date: October 30, 2026

Respectfully submitted,

By: */s/ David F. Standa*

**DAVID F. STANDA**
Illinois Bar No. 6300942
david.standa@gmlaw.com
**GREENSPOON MARDER LLP**
227 W. Monroe Street, Suite 3950
Chicago, IL 60606
**JEFFREY GILBERT (Pro Hac Vice to be Filed)**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**GREENSPOON MARDER LLP**

600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761

*Attorneys for Defendant Insurance Pipeline Inc*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ David F. Standa*
**David F. Standa**