# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

KRISTIN KATHERINE BAISCH RICKER, on behalf of herself and others similarly situated

Plaintiff,

vs.

INSURANCE PIPELINE INC,

Defendant.

Case No. 1:26-cv-02263

## Joint Initial Status Report

1. **The Nature of the Case**:

A. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

Plaintiff brings this putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), and its implementing regulations, including 47 C.F.R. § 64.1200(c)(2). Plaintiff alleges that Defendant initiated telemarketing calls to her residential cellular telephone number despite its registration on the National Do Not Call Registry and without her prior express invitation or permission.

Specifically, Plaintiff alleges that Defendant placed telemarketing calls to her telephone number on February 4, 2025, April 24, 2025, and additional occasions thereafter. Plaintiff alleges that the callers identified themselves as "Healthcare Insurance," discussed insurance products, and connected Plaintiff with an individual identified as "Natasha," who provided Defendant's website and callback number. Plaintiff further alleges that she instructed the caller during the initial call not to contact her again.

Plaintiff seeks to represent a nationwide class of persons who received more than one telemarketing call or text message from or on behalf of Defendant within a twelve-month period while their telephone numbers had been registered on the National Do Not Call Registry for at least 31 days.

Defendant denies Plaintiff's allegations in its Answer and Affirmative Defenses, and denies that it placed any calls to Plaintiff's telephone numbers in violation of the TCPA. This is a putative nationwide class action brought pursuant to Rule 23. Defendant's position is that Plaintiff is not an adequate class representative and will not be able to certify a class in this

matter.

B. **Briefly identify the major legal and factual issues in the case.**

The principal issues include: (1) whether Defendant initiated the subject telemarketing calls, directly or through persons acting on its behalf; (2) the nature and purpose of the calls and Defendant's involvement in the solicitation activities; (3) whether Plaintiff and putative class members were residential telephone subscribers whose numbers were registered on the National Do Not Call Registry; (4) whether Defendant obtained the requisite invitation or permission to contact those persons or can establish any applicable exemption; (5) the number and frequency of calls made to Plaintiff and putative class members; (6) whether Defendant's conduct was knowing or willful; (7) whether the requirements of Rule 23 are satisfied; and (8) whether any of Defendant's affirmative defenses prevent Plaintiff from recovering under the TCPA; (9) whether Plaintiff is an adequate class representative and will be able to certify a class in this matter; and (10) other appropriate relief.

C. **State the relief sought by any of the parties.**

Plaintiff seeks certification of the proposed class under Federal Rule of Civil Procedure 23; statutory damages of $500 per violation and up to $1,500 per violation for knowing or willful conduct under 47 U.S.C. § 227(c)(5); declaratory and injunctive relief; costs and any other relief authorized by law. Defendant denies liability and seeks judgment in its favor. Defendant's position is that Plaintiff is not an adequate class representative and will not be able to certify a class in this matter.

2. **Jurisdiction**: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s). If jurisdiction over any claims is based on diversity or supplemental jurisdiction, identify the domicile of all parties and state whether there is any dispute regarding the amount in controversy (and, if so, the basis of that dispute).

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, 47 U.S.C. § 227(c)(5). The Court previously denied Defendant's challenge to personal jurisdiction in its October 16, 2026 Order. ECF No. 17. Defended included in its Answer and Affirmative Defenses the Court's lack of personal jurisdiction over Defendant.

3. **Status of Service**: Identify any defendants that have not been served.

Defendant was served with the summons and complaint on March 6, 2026. ECF No. 5. All named defendants have been served.

4. **Status of Pleadings:** State whether any defendant has not filed a responsive pleading to the complaint.

Plaintiff filed her Class Action Complaint on February 27, 2026. ECF No. 1. Defendant filed a motion to dismiss on May 6, 2026, which the Court denied on October 16, 2026. ECF Nos. 12, 17. Defendant filed its answer to the Complaint on October 30, 2026.

5. **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. The Court strongly encourages the parties to consent to the jurisdiction of the Magistrate Judge.

The parties do not unanimously consent.

6. **Motions**: Briefly describe any pending motions.

There are no motions presently pending before the Court. Defendant's motion to dismiss (ECF No. 12) was denied on October 16, 2026. ECF No. 17. Defendant, however, reserves the right to file motions, including a motion to bifurcate the discovery into two phases: individual and class action discovery.

7. **Case Plan**: Submit a proposed discovery schedule and indicate the general type of discovery needed and whether expert discovery is anticipated.

**<u>Plaintiff's Position:</u>**

Plaintiff proposes that discovery will concern the telephone calls at issue, Defendant's telemarketing operations, the identity and involvement of any third-party lead generators, marketing vendors, call centers, or other entities involved in the solicitation activities, the source of the telephone numbers called, consent acquisition and retention, National Do Not Call Registry compliance, calling records, and the identification of putative class members.

Plaintiff anticipates written discovery, including interrogatories, requests for production, and requests for admission; depositions of relevant fact witnesses and corporate representatives pursuant to Rule 30(b)(6); and, as necessary, third-party discovery directed to vendors or other entities involved in Defendant's telemarketing activities.

Plaintiff also anticipate expert discovery, including potential analysis of calling records, telephone number registration information, and data relevant to class membership and certification.

Plaintiff proposes the following schedule, subject to the Court's approval:

| **Event** | **Proposed Deadline** |
|---|---|
| Rule 26(a)(1) Initial Disclosures | November 20, 2026 |
| Deadline to Amend Pleadings or Add Parties | February 5, 2027 |
| Completion of Fact Discovery | June 4, 2027 |

| | |
|---|---|
| Plaintiff's Expert Disclosures and Reports | May 7, 2027 |
| Defendant's Expert Disclosures and Reports | June 4, 2027 |
| Rebuttal Expert Disclosures and Reports | July 2, 2027 |
| Completion of Expert Discovery | August 2, 2027 |
| Plaintiff's Motion for Class Certification | September 1, 2027 |
| Defendant's Opposition to Class Certification | October 1, 2027 |
| Plaintiff's Reply in Support of Class Certification | October 22, 2027 |
| Dispositive Motions | November 19, 2027 |

The Plaintiff also opposes bifurcating discovery and requests that this Court deny that request Judge Bucklo recently did in a TCPA case. *See Zielonksi v. eHealth Insurance Services, Inc.,* Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill. July 12, 2024) ("Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied…I am not going to delay this case further through bifurcation of discovery.") Indeed, faced with a nearly identical motion, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should hold the same here.

Bifurcation would materially prejudice Plaintiff by delaying access to core discovery—including the call records necessary to identify members of the proposed class—and by postponing class certification without any countervailing efficiency. Courts regularly reject bifurcation requests that would delay or obstruct Rule 23 proceedings where, as here, the defendant's proposed "individual liability first" approach would not resolve the central issues in dispute. In short, Defendant's request for bifurcation would not streamline the case; it would multiply proceedings, generate duplicative discovery, and delay the Rule 23 analysis that must necessarily address facts intertwined with the merits. Courts in this District frequently reject bifurcation requests in TCPA cases for these exact reasons. The Court should do the same here and permit unified discovery to proceed without delay.

Defendant's assertion that this is "not a typical class action" is incorrect. This is precisely the type of case for which Rule 23 was designed. Plaintiff seeks relatively modest statutory damages arising from alleged violations of the TCPA, which would often be economically impractical to pursue individually, but which may be pursued collectively on behalf of a broader class of similarly situated subscribers. The fact that Plaintiff's individual claim arises from a

limited number of telephone calls does not distinguish this case from other TCPA class actions. Rather, it illustrates why the class action mechanism is appropriate.

**Defendant's Position:**

Defendant filed its Answer and Affirmative Defenses on October 30, 2026. Defendant denies that it made any calls to Plaintiff's phone number in violation of the TCPA. Defendant's position is that the class claim discovery should be bifurcated from individual discovery of Plaintiff, and, therefore, should not commence or proceed until such individual discovery is completed.

Courts throughout the country routinely stay and bifurcate discovery in TCPA actions to determine whether Plaintiff even has an individual claim and to determine a specific threshold issue, such as whether Plaintiff consented to any calls, which would eliminate the need for any class-wide discovery. *See Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *5 (N.D. Ill. July 19, 2018) (explaining that "where some limited, first stage-production could stave off substantial wasted efforts," bifurcation can be appropriate); *see also Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) (granting defendant's motion to bifurcate discovery, which allowed for discovery of the named plaintiff's individual claims); *Cameron v. CHW Group, Inc.*, No. 2:23-CV-00320-HCN-DBP, 2025 WL 2336513, at *2 (D. Utah Aug. 13, 2025) (same); *Sapan v. Fin. of Am. Reverse LLC*, No. 8:24-CV-01213-FWS-KES, 2025 WL 1932935, at *3 (C.D. Cal. July 14, 2025) (same); *Osidi v. Assurance IQ, LLC*, No. 21-CV-11320-ADB, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) ("[T]he need for class discovery may be eliminated if Defendant is able to demonstrate that the Named Plaintiff lacks viable individual claims."); *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (granting bifurcation of discovery when "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive").

The Court has discretion to bifurcate class and individual discovery if it is shown that bifurcation would promote interests in expediency and economy. *See* Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"), 26(b)(1) (authorizing courts to limit the scope of discovery), and 42(b) (authorizing courts to order a separate trial on one or more issues, "[f]or convenience, to avoid prejudice, or to expedite and economize. . . .").

This is not a typical class action. This is a statutory TCPA action in which the Plaintiff is seeking recovery for at least two alleged phone calls she received on her cell phone. D.E. 1, Compl. ¶¶ 22, 26, 31. Defendant will seek individual discovery of the Plaintiff, including but not limited to Plaintiff's call history, voicemails, recordings, notes of calls, internet history, TCPA litigation history, and any information Plaintiff has identifying who were the persons or entities involved in placing the alleged calls to Plaintiff's phone numbers. Defendant believes that Plaintiff's claims lack merit and will have the opportunity after individual discovery to move for summary judgment in its favor on Plaintiff's individual claims. *See Chavez v. Ill. State Police*, 251 F.3d 612, 630 (7th

Cir. 2001) ("[If] the court determines that the named plaintiffs' claims lack merit, such a decision ordinarily, though not invariably, disqualifies the named plaintiffs as proper representatives, thus resolving the issue of class certification.") (internal citations and quotation marks omitted); *Wooden v. Board of Regents of the University System of Georgia,* 247 F.3d 1262, 1289 (11th Cir. 2001) ("If the district court were to resolve a summary judgment motion in Defendants' favor and in doing so dismiss [plaintiffs'] individual claim before ruling on class certification, then [plaintiffs] would not be [] appropriate class representative[s].")

Defendant proposes the following schedule, subject to the Court's approval:

| **Event** | **Proposed Deadline** |
|---|---|
| Rule 26(a)(1) Initial Disclosures | November 20, 2026 |
| Deadline to Amend Pleadings or Add Parties | December 20, 2026 |
| Completion of Individual Fact Discovery | June 4, 2027 |
| Completion of Class Fact Discovery | Bifurcated – to be determined. |
| Plaintiff's Expert Disclosures and Reports | May 7, 2027 |
| Defendant's Expert Disclosures and Reports | June 4, 2027 |
| Rebuttal Expert Disclosures and Reports | July 2, 2027 |
| Completion of Expert Discovery | August 2, 2027 |
| Plaintiff's Motion for Class Certification | September 1, 2027 |
| Defendant's Opposition to Class Certification | October 1, 2027 |
| Plaintiff's Reply in Support of Class Certification | October 22, 2027 |
| Dispositive Motions | November 19, 2027 |

8. **Status of Settlement Discussions**: Indicate whether any settlement discussions have occurred and the status of those discussions (do not provide any particulars of any demands or offers that have been made), and state whether the parties request a settlement conference.

9. **Other:** Is there anything else the parties want the Court to know? (Please be brief.)

PLAINTIFF,
By her attorney,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Defendant Insurance Pipeline Inc,*

*/s/ David F. Standa*
**DAVID F. STANDA**
Illinois Bar No. 6300942
david.standa@gmlaw.com
**GREENSPOON MARDER LLP**
227 W. Monroe Street, Suite 3950
Chicago, IL 60606
**JEFFREY GILBERT (Pro Hac Vice)**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761